## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT MAURICE HOGAN**                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO. 13-6289**

**SHERIFF JERRY LARPENTER, ET AL.**                    **SECTION "N"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Robert Maurice Hogan, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983.  He named as defendants Sheriff Jerry Larpenter and Warden Thomas Cope.  In the complaint, plaintiff claims that he was not provided with free undergarments while incarcerated.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

2

Although broadly construing plaintiff's complaint,[1] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failure to state a claim on which relief may be granted.

In this lawsuit, plaintiff claims that he was not provided with adequate free underwear, t-shirts, and socks at the jail.[2]  Even if that is true, no constitutional right is implicated.  The Constitution simply does not require that inmates be provided with free undergarments.  Mayer v. Pima County Sheriff Department, No. 92-15584, 1993 WL 230196, at *3 (9th Cir. June 28, 1993); Thomas v. Gusman, Civ. Action No. 11-1424, 2012 WL 607970, at *6 (E.D. La. Jan. 27, 2012), adopted, 2012 WL 607698 (E.D. La. Feb. 24, 2012); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *8 (E.D. La. May 11, 2010).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or failure to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[1]     The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2]     In the complaint, plaintiff acknowledges that he was given one pair of boxer shorts and one t-shirt after he filed a grievance.  However, he opines that is insufficient.

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

     New Orleans, Louisiana, this thirty-first day of October, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.